Hunton & Williams LLP
575 Market Street, Suite 3700
San Francisco, California 94105

# THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. JOHN ERHARD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC., an Ohio corporation, UPS GROUND FREIGHT, INC., a Virginia corporation, and DOES 1-25, inclusive,<br><br>Defendants. | CASE NO.: 2:16-CV-00735-MCE-CKD<br><br>**ORDER RE: STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT** |

1.  A.  <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 11.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.  <u>GOOD CAUSE STATEMENT</u>

The discovery obtained in the above-captioned action may involve disclosure of non-public, confidential, proprietary, commercially sensitive, and/or trade secret information.  Disclosure of this information to persons who are not entitled to it carries the danger of compromising the competitive business interests of Defendants United Parcel Service, Inc. and/or UPS Ground Freight, Inc. ("Defendants") and also risks invasion of the legitimate personal privacy interests of Plaintiff St. John Erhard ("Plaintiff") and Non-Parties.

Defendants anticipate that they may need to produce material that contains proprietary information concerning their business practices and procedures for the operation of their facilities that may be of value to a competitor or may cause harm to their legitimate business interests in the marketplace.  Defendants further anticipate that they may need to produce non-public information concerning Plaintiff or Non-Parties that is personal in nature and/or protected by the right of privacy. The issuance of this Protective Order will allow for efficiency in the discovery process and provide a mechanism by which discovery of relevant confidential information may be obtained in a manner that protects against risk of disclosure of such information to persons not entitled to such

information.  Further, the issuance of this Protective Order will protect the Parties' interests by providing the Parties recourse in this Court in the event that a Party or Non-Party improperly handles non-public, confidential, proprietary, commercially sensitive, and/or trade secret information that the parties have had to exchange in the course of discovery propounded and depositions taken in this Action.

2. <u>DEFINITIONS</u>

    2.1    <u>Action</u>:   The instant action: *St. John Erhard v. United Parcel Service, Inc. and UPS Ground Freight, Inc.*, E.D. Cal. Case No. 2:16-cv-00735-mce-ckd.

    2.2    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.  "CONFIDENTIAL" Information or Items include:

    (a)  Non-public information about Plaintiff or any other individuals, including personnel records, evaluations, compensation information, medical information or other personal and confidential information;

    (b)  Information that is a "trade secret" as that term is defined in 18 U.S.C. § 1839; and/or

    (c)  Information alleged in good faith by a Party to be subject to protection under the Federal Rules of Evidence and/or information that is confidential, of commercial value, and/or falls into one or more of the following categories:

        (1)  Defendants' policies and procedures for operating Defendants' facilities;

        (2)  Documents that reflect the implementation of Defendants' policies and procedures for operating Defendants' facilities;

        (3)  Information that is protected against disclosure by a written confidentiality agreement between a third party and Plaintiff or Defendants;

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

     (4) Business plans, models, marketing analyses, sales and financial statements or other sensitive business documents; and

     (5) Personal or private information about Non-Parties.

  2.4 <u>Counsel</u>:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

  2.5 <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

  2.6 <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

  2.7 <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

  2.8 <u>In-House Counsel</u>:  attorneys who are employees of a Party to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

  2.9 <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

  2.10 <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

  2.11 <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

  2.12 <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items,

or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Stipulated Protective Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL

1  legend" to each page that contains Protected Material.  If only a portion or portions of the material
2  on a page qualifies for protection, the Producing Party also must clearly identify the protected
3  portion(s) (e.g., by making appropriate markings in the margins).
4        (b)  for information produced in some form other than documentary and for any other
5  tangible items, that the Producing Party affix in a prominent place on the exterior of the container or
6  containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or
7  portions of the information warrants protection, the Producing Party, to the extent practicable, shall
8  identify the protected portion(s).
9        (c)  where discovery material described in (a) or (b) above has previously been
10 produced, the Designating Party shall make such designation by written notice to all Parties that the
11 document(s) should be treated as "CONFIDENTIAL," by identifying the Disclosures or Discovery
12 Material to be designated with particularity (i.e., by production numbers where available).  Upon
13 notice of the designation, all parties (i) shall make no further disclosure of the Protected Material,
14 except as provided by this Stipulated Protective Order; and (ii) if such Protected Material has already
15 been disclosed to any person or in any circumstance not authorized under this Stipulated Protective
16 Order, shall immediately inform the person or persons to whom unauthorized disclosures were made
17 of all the terms of this Stipulated Protective Order, and request such person or persons to execute the
18 "Acknowledgment and Agreement to Be Bound" (attached as Exhibit A).
19       (d)  for testimony given in depositions, hearing, or other proceeding,  that the
20 Designating Party identify the Disclosure or Discovery Material on the record, before the close of
21 the proceeding.  Any Party also may designate testimony that is entitled to protection by notifying all
22 Parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of
23 the transcript which should be treated as "CONFIDENTIAL" thereafter.  Each Party shall attach a
24 copy of such written notice or notices to the face of the transcript and each copy thereof in its
25 possession, custody or control.  Unless otherwise indicated, all deposition transcripts shall be treated
26 as "CONFIDENTIAL" for a period of thirty (30) days after the receipt of the transcript.  This
27
28

*Hunton & Williams LLP*
*550 South Hope Street, Suite 2000*
*Los Angeles, California 90071-2627*

1  preliminary treatment, however, shall not limit a deponent's right to review the transcript of his or
2  her deposition under Federal Rule of Civil Procedure 30(e)(1).

3     5.3   Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to
4  designate qualified information or items does not, standing alone, waive the Designating Party's
5  right to secure protection under this Stipulated Protective Order for such material.  Upon timely
6  correction of a designation, the Receiving Party must make reasonable efforts to assure that the
7  material is treated in accordance with the provisions of this Stipulated Protective Order.

8  6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

9     6.1   Timing of Challenges.  Any Party or Non-Party may challenge a designation of
10 confidentiality at any time that is consistent with the Court's Scheduling Order.

11    6.2   Meet and Confer.  The Challenging Party shall initiate the dispute resolution process
12 under Local Rule 251.

13    6.3   The burden of persuasion in any such challenge proceeding shall be on the
14 Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or
15 impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to
16 sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all
17 parties shall continue to afford the material in question the level of protection to which it is entitled
18 under the Producing Party's designation until the Court rules on the challenge.

19 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

20    7.1   Basic Principles.  A Receiving Party may use Protected Material that is disclosed or
21 produced by another Party or by a Non-Party in connection with this Action only for prosecuting,
22 defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the
23 categories of persons and under the conditions described in this Order.  When the Action has been
24 terminated, a Receiving Party must comply with the provisions of Section 12 below.
25 Protected Material must be stored and maintained by a Receiving Party at a location and in a secure
26 manner that ensures that access is limited to the persons authorized under this Stipulated Protective
27 Order.

28

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

      7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

      (a)  the Receiving Party and the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

      (b)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (attached as Exhibit A);

      (c)  the court and its personnel;

      (d)  court reporters and their staff;

      (e)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (attached as Exhibit A);

      (f)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

      (g)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided the deponent agrees on the record to keep the information confidential or unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the Parties.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court or other proceeding of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (attached as Exhibit A).

10. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), this Stipulated Protective Order, once signed by the Court, shall constitute an order that the privilege or protection as to an inadvertently produced document is not waived by disclosure connected with the litigation pending before the Court and the disclosure is also not a waiver in any other federal or state proceeding.

11. <u>MISCELLANEOUS</u>

11.1 <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2 <u>Right to Assert Other Objections</u>.  By agreeing to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

11.3 <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court for a reason other than failure to comply with Civil Local Rule 141, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12. <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

13. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED.**

DATED:  June 22, 2016                              TOWER LEGAL GROUP, P.C.


By: */s/Renee N. Parras*
    JAMES A. CLARK
    RENEE N. PARRAS
    Attorneys for Plaintiff
    ST. JOHN ERHARD
    (*authorizing efiling by Susan S. Joo*)

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

DATED:  June 22, 2016                                   HUNTON & WILLIAMS LLP

                                                 By:  */s/ Susan S. Joo*
        EMILY BURKHARDT VICENTE
        SUSAN J. JOO
        Attorneys for Defendants
        UNITED PARCEL SERVICE, INC. and
        UPS GROUND FREIGHT, INC.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:  June 28, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order and Confidentiality Agreement governing the confidentiality of data, documents, and information, which was entered into by and among St. John Erhard and UPS on _____, 2016, in the matter of *St. John Erhard v. United Parcel Service, Inc. and UPS Ground Freight, Inc.*, E.D. Cal. Case No. 2:16-cv-00735-MCE-CKD.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____